**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
CHARLES FRAILS,

                      Plaintiff,

      - against -

CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

05-CV-4777 (ARR) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      By letter dated March 19, 2006, plaintiff Charles Frails moved "to compel the production of all *unsubstantiated* Civilian Complaint Review Board ("CCRB"), Internal Affairs Bureau ("IAB"), and internal [New York Police Department ("NYPD")] disciplinary records, regardless of the nature of the complaint, concerning the three individual defendant police officers." (Emphasis in original). By letter dated March 20, 2006, defendants opposed the motion, essentially on the grounds that the records do not fall within the scope of relevant discovery set out in Rule 26 of the Federal Rules of Civil Procedure. Defendants' principle argument is that records concerning the individual defendants are not relevant because they contain only allegations of misconduct which were found to be unsubstantiated.

      Plaintiff claims that the records of unsubstantiated allegations of misconduct are discoverable under two theories of relevance: 1) to prove defendants' intent and 2) to prove municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A party may obtain discovery of a matter that is not privileged when it is relevant to a claim or defense of any party. FED. R. CIV. P. 26(b)(1). The relevant information does not have to be admissible

at trial as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Plaintiff is correct as to his first theory of relevance. Evidence of prior acts of similar misconduct may be introduced at trial to prove intent. FED. R. EVID. 404(b). Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable. *See Pacheco v. City of New York*, No. 05-CV-2013 (NG) (VVP), 2006 WL 648057, *1 (E.D.N.Y. May 13, 2006) (ordering production of both substantiated and unsubstantiated allegations); *Bradley v. City of New York*, No. 04 Civ. 8411 (RWS) (MHD), 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) ("we emphatically reject defendants' contention that 'unsubstantiated' complaints should... not be ordered produced."); *Fountain v. City of New York*, No. 03 Civ. 4526, 2004 WL 941242, at *2 (S.D.N.Y. May 3, 2004) (unsubstantiated complaints are discoverable). Although unsubstantiated allegations may not be admissible at trial, they may lead to witnesses who have evidence that would tend to prove defendants' intent. *See Pacheco*, 2006 WL 648057, at *1 ("plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial...."). Unsubstantiated instances of misconduct not related to the allegations raised in the instant complaint are not reasonably likely to lead to such evidence, and need not be produced.

Defendants' contention that case law establishes that records of unsubstantiated complaints are not discoverable in an action under 42 U.S.C. § 1983 is simply wrong. Indeed,

> the courts have repeatedly directed the production of such complaints, whether substantiated or unsubstantiated or even withdrawn, as well as records of complaints reflected in the CPI and IAB investigative records, and that documentation has

> frequently played a role in the courts' analysis of the merits of an array of claims under section 1983.

*Bradley*, 2005 WL 2508253, at * 2 (citations omitted). The cases defendants cite for the contrary proposition are distinguishable or inapposite.

Plaintiff is incorrect, however, as to his second theory of relevance. Unsubstantiated allegations of misconduct that are unrelated to the claims raised in this case are not relevant to plaintiff's *Monell* claim. *Monell* established that a municipal government may be held liable as a "person" under § 1983 for constitutional violations by its employees. The plaintiff must show that the violation resulted from an official policy or custom. *Monell*, 436 U.S. at 690-91. Here, plaintiff's *Monell* claim is based on the City's awareness of the defendant police officers' propensity to commit the acts alleged in the complaint, and its failure to properly investigate claims of police brutality. Unsubstantiated allegations of other types of misconduct are not likely to prove that the City deliberately ignored evidence of the defendant police officers' propensity to use excessive force and should not be produced. *Pacheco*, 2006 WL 648057, at * 1.[1]

Defendant wishes to limit the production of records to the last ten years. The date of the incidents do not render the records less likely to lead to evidence admissible at trial. *Bradley*, 2005 WL 2508253, at *2 (pattern of complaints over twenty year period is "highly relevant"); *cf.*

---

[1] Unsubstantiated allegations of *similar* misconduct are not likely to prove plaintiff's *Monell* claim either. *See Sealey v. Fishkin,*1998 WL 1021470, at *3 (E.D.N.Y. Dec. 2, 1998) (unsubstantiated allegations of misconduct do not prove City's deliberate indifference); *Marcel v. City of New York*, 1990 WL 47689, at *8-9 (S.D.N.Y. Apr. 11, 1990) (unsubstantiated CCRB complaints do not support claim of municipal failure to train).

*Haya v. City of New York*, 1995 WL 314724, *1 (S.D.N.Y. May 24, 1995) (records of dissimilar allegations for incidents more than eight years ago are not relevant).

Accordingly, defendants are hereby ordered to produce *all* CCRB, IAB, and NYPD records of both substantiated and unsubstantiated complaints of misconduct against the defendant police officers of a similar nature to the claims in the complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
April 6, 2006

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.
U.S. Magistrate Judge